# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION 05-21646

CASE NO.

CIV-SEITZ /McALILEY

WILLIAM SCHOENBAUM and ELAYNE STERN individually, and on behalf of all others similarly situated,

Plaintiffs,

vs.

**CLASS ACTION COMPLAINT**
**JURY TRIAL DEMANDED**

THE PROCTOR & GAMBLE COMPANY,

Defendant.
_______________________________________/

Plaintiffs, WILLIAM SCHOENBAUM and ELAYNE STERN, individually, and on behalf of all others similarly situated, by and through their undersigned counsel, for this, their Class Action Complaint, allege the claims set forth herein. Plaintiffs' claims as to themselves and their own actions, are based upon their personal knowledge. All other allegations are based upon information and belief pursuant to the investigations of counsel. Based upon such investigation, Plaintiffs believe that substantial evidentiary support exists for the allegations herein or that such allegations are likely to have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

## NATURE OF THE ACTION

1. Defendant is a manufacturer and marketer of the extremely successful hair care products, Head & Shoulders and Pantene. Head & Shoulders is indicated for treatment of dandruff and other fungal problems.

2. As will be explained in greater detail herein, Defendant has known for a substantial period of time that counterfeit Head & Shoulders and Pantene (hereinafter sometimes collectively referred to as the "products") which are of inferior quality and may cause injuries to users have been placed in the stream of commerce. Despite its knowledge of same, Defendant has failed to notify the public, notify the appropriate governmental agencies or timely see to the recall or the discontinuation of the counterfeiting of its products.

3. As discussed below, Defendant has engaged in extensive advertising, marketing, publicity, distribution and sales campaigns promoting the supposed quality and safety of Head & Shoulders and Pantene, directing those advertising, marketing, publicity, distribution and sales campaigns at prospective purchasers and users of Head & Shoulders and Pantene.

4. Defendant knew, or had reason to know, that the Head & Shoulders and Pantene products were counterfeit, were inferior and may cause injury to users, yet they concealed from the general public, purchasers and users of the products this information.

5. Plaintiffs seek, on behalf of themselves and members of the Class, injunctive relief, equitable relief, medical monitoring, monetary damages, statutory, actual, and punitive damages, to redress Defendant's unlawful practices and acts.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 15 U.S.C. §§ 45, 52 and 18 U.S.C § 1962 and 28 U.S.C. §§ 1331, 1367 and general principles of ancillary and pendent jurisdiction.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant

provides good and services to Plaintiffs and Class members located in this district, and conduct substantial business in this district. Moreover, Plaintiffs reside in the district and have been subjected to the alleged wrongs complained of herein in the district.

8. In connection with the acts, transactions and conduct alleged herein, Defendant used the means and instrumentalities of interstate commerce, including the United States mail.

**PARTIES**

9. Plaintiff WILLIAM SCHOENBAUM, is and was at all times relevant hereto, a resident of Miami-Dade County, State of Florida, and is otherwise *sui juris.* Plaintiff was at all material times hereto a user of Head and Shoulders hair care products.

10. Plaintiff ELAYNE STERN, is and was at all times relevant hereto, a resident of Miami-Dade County, State of Florida and is otherwise *sui juris.* Plaintiff was at all material times hereto a user of Pantene hair care products.

11. Defendant PROCTOR AND GAMBLE (hereinafter referred to as "P & G") is a foreign corporation, with its principal place of business located in Cincinnati, Ohio.

**FACTUAL ALLEGATIONS**

12. Defendant P & G has brought suit in the United States District Court, Eastern District of New York against various defendants for trademark infringement, among other things, in relation to counterfeiting and the fraudulent sale of its Pantene and Head & Shoulders line of products *(Procter & Gamble v. Xetal, Inc., et al., 04-Civ.2820 (DRH)).*

13. The Defendant P & G "is a distributor of world-renowned high-quality consumer products sold under various registered trademarks, including 'Pantene' and 'Head & Shoulders.' These trademarks have become extremely valuable as a result of Proctor & Gamble's substantial marketing efforts and the tremendous public acceptance of products bearing those distinctive marks. For example, since 1999, Proctor & Gamble has spent more than $980 million dollars

advertising Pantene and has achieved sales of that product well in excess of $3 billion dollars. Similarly, during that same period, Proctor & Gamble has spent more than $286 million dollars advertising Head & Shoulders and has achieved sales of that product well in excess of $1 billion dollars." *Id.* at 2.

14. "Proctor & Gamble has spent and continues to spend large sums of money marketing and selling in interstate commerce Pantene and Head & Shoulders shampoo packaged in high-quality bottles bearing its trademarks and trade dress. As a result of the extensive advertising of Pantene and Head & Shoulders in connection with the Proctor & Gamble trademarks...Pantene and Head & Shoulders...is now recognized by the public and in the trade as originating from a single source, Proctor & Gamble." *Id.* at 7.

15. "Proctor & Gamble has engaged and continues to engage in interstate activities designed to promote Pantene and Head & Shoulders and the business and goodwill associated with each of its trademarks and to expand the use and reputation of its trademarks, trade dress, logos and property in the state of New York and throughout the United States." Id.

16. Defendant P & G has invested a substantial sum of money into promoting its Pantene and Head & Shoulders line of products. Defendant P & G has done so however to the detriment of the consuming public by, among other things; being aware of, yet not notifying consumers that its products were being counterfeited, that the counterfeit products were being sold at retailers throughout America, and that the counterfeit products were of inferior quality and may cause injuries to users. The Defendant did not alert consumers to the counterfeiting of its product because that would potentially have caused a reduction in the sales of its products and concomitantly a loss of investment capital.

17. Defendant acquiesced in the fraud being perpetrated against consumers and in essence became an accomplice by deliberately failing to notify the consuming public who had no

way of knowing of the deception that there were inferior counterfeit versions of its Pantene and Head & Shoulders products being sold as genuine Pantene and Head & Shoulders products.

18. Defendant had an obligation and/or duty to the consuming public to notify the public that inferior counterfeit products bearing the name of Defendant's products were being sold and that those products were not genuine products and could cause injuries to consumers when used.

## CLASS ACTION ALLEGATIONS

19. Plaintiffs bring this action on behalf of themselves and all other persons similarly situated, who have been harmed by the Defendant's conduct, as alleged herein -- *i.e.*, (a) all persons who purchased and/or used either Head & Shoulders products or Pantene products (the "Class") on or after May 3, 2004. Excluded from the Class are Defendant and their officers, directors, management and employees, subsidiaries or affiliates. This action is maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs have satisfied FRCP 23 (a) (1),(2),(3),(4) and FRCP 23 (b) (1), (2) and (3). Additionally, Plaintiffs bring this action on behalf a subclass defined as: (b) all persons who purchased and/or used either Head & Shoulders products or Pantene products and who have suffered or may suffer in the future medical injuries.

20. Rule 23 (a)(1) is satisfied, the Class is so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiffs at the present time, it is believed to number at least in the tens of thousands. Upon information and belief Plaintiffs as a class have suffered in excess of Five Million Dollars in damages.

21. Rule 23(a)(2) and Rule 23(b)(3) are both satisfied because there are questions of law and fact common in Plaintiffs and the Class which predominate over any individual questions affecting only individual members. Among these common questions of law and fact

are:

(a) Whether Defendant knew or had reason to know that Head & Shoulders products were being counterfeited and sold to the public;

(b) Whether Defendant knew or had reason to know that Pantene products were being counterfeited and sold to the public;

(c) Whether Defendant knew or had reason to know that the Head & Shoulders products being counterfeited and sold to the public were of inferior quality to the actual product;

(d) Whether Defendant knew or had reason to know that the Pantene products being counterfeited and sold to the public were of inferior quality to the actual product

(e) Whether Defendant's conduct constitutes the violations of law alleged herein;

(f) Whether Defendant has failed to adequately notify the Plaintiffs and the Class of the counterfeit products, and/or the inferior quality thereof and/or the health risks associated therewith;

(f) Whether Defendant has failed to meet its obligations under the requirements for notification to consumers that there is a counterfeit and/or inferior version of its products which may cause injuries to users on the market;

(g) Whether Defendant's conduct was negligent and/or reckless in failing to properly notice, give warning to the Class or disseminate information to the Class about the counterfeit products, the inferior quality thereof and/or the health risks associated therewith;

(h) Whether Defendant knew or had reason to know that Head & Shoulders products were being counterfeited, were of inferior quality, were being sold to the public and were potentially harmful to the users health;

(i) Whether Defendant knew or had reason to know that Pantene products were being counterfeited, were of inferior quality, were being sold to the public and were potentially harmful to the users health;

(j) Whether Defendant's conduct was willful and/or intentional;

(k) Whether Defendant's actions were fraudulent as alleged herein;

(l) Whether Defendant's actions constituted unfair and deceptive practices affecting commerce;

(m) Whether Defendant's action in not alerting consumers to the counterfeiting of its Head & Shoulder's and Pantene line of hair care products constitutes a breach of implied warranty;

(n) Whether by not revealing to the consuming public that Head & Shoulder's and Pantene were being counterfeited, were of inferior quality and could cause injury to users while advertising the superior quality of the products constitutes dissemination of false advertising;

(o) Whether Defendant used interstate commerce to fraudulently keep from the consumer public the fact that its Head & Shoulder's and Pantene products were being counterfeited to the financial benefit of its enterprise;

(p) Whether Defendant's actions constitute a violation of state consumer protection laws;

(q) Whether Class members are entitled to statutory damages and, if so, in what amount;

(r) Whether Class members are entitled to compensatory and/or punitive damages and, if so, in what amount;

(s) Whether Class members are entitled to medical monitoring for any of the harmful effects of Head & Shoulders products and/or Pantene products;

(t) Whether Plaintiffs and the Class are entitled to the injunctive, remedial and declaratory relief sought in this action.

(u) Whether Plaintiffs and their counsel are entitled to recover attorney's fees and costs and, if so, in what amount.

22. In satisfaction of Federal Rule of Civil Procedure 23(a)(3), Plaintiffs' claims are typical of the Class' claims and do not conflict with the interests of any other members of the Class, because Plaintiffs and all the Class members sustained damages in the same way as a result of Defendant's wrongful conduct complained of herein.

23. In satisfaction of Federal Rule of Civil Procedure 23(a)(4), Plaintiffs will fairly and adequately represent and protect the interests of other Class members and have no interests antagonistic to or which irreconcilably conflict with those of other Class members. Plaintiffs are committed to the vigorous prosecution of this action and have retained counsel experienced in litigation of this nature to represent them and the Class. Plaintiffs anticipate no difficulty in the management of this litigation as a Class action.

24. Pursuant to Federal Rule of Civil Procedure 23(b)(1) and (b)(2), Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate injunctive and/or declaratory relief with respect to the Class as a whole.

25. Notice of pendency of this action can be given either by publication and/or over the Internet.

26. Moreover, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. The damages suffered by each member of the Class may be relatively small, such that the expense and burden of litigation would make it difficult or impossible for Class members to seek redress individually.

**FIRST CAUSE OF ACTION-VIOLATION OF 15 U.S.C. § 45**

27. Plaintiffs incorporate and reallege by reference each and every allegation contained in Paragraphs 1 through 26 above as if set forth verbatim herein.

28. Plaintiffs and the Subclass members were and are consumers under the federal consumer protection statutes, including but not limited to 15 U.S.C. § 45 making unlawful "unfair or deceptive acts or practices in or affecting commerce."

29. The selling of the products to consumers, such as Plaintiffs, the Class and the Subclass while failing to advise that inferior counterfeit products which may cause injury were being sold constitutes false and misleading business practices, unconscionable acts or practices and/or unfair or deceptive acts or practices. Moreover, falsely touting its safety and/or concealing or omitting to reveal the actual and potential effects of the known counterfeit products herein constitutes false and misleading business practices, unconscionable acts or practices and/or unfair or deceptive acts or practices.

30. As a result thereof, Plaintiffs, the Class and members of the Subclass have been injured.

31. Furthermore, as a result thereof, Plaintiffs, the Class and the Subclass are entitled to all of the relief, including monetary, equitable, injunctive, declaratory and remedial relief.

32. In addition, by virtue of the foregoing, Plaintiffs demand judgment for Plaintiffs, the Class and the subclass which (a) creates a monetary fund to effectuate all of the relief, including remedial relief, sought under Subsections "B" through "F" of the Ad Damnum clause set forth, infra, in this Complaint to which the Court is respectfully referred and (b) affords to Plaintiffs, the Class and the subclass all of the declaratory, remedial and injunctive relief sought under subsection "G" of the Ad Damnum clause set forth, infra, in this Complaint.

**SECOND CAUSE OF ACTION - MEDICAL MONITORING**

33. Plaintiffs incorporate and reallege by reference each and every allegation contained in Paragraphs 1 through 26 above as if set forth verbatim herein.

34. Plaintiffs, seek, for the purposes of this claim, assert and allege a subclass consisting of those Class members defined in subsections (b) set forth in ¶ 19 hereinabove ("the "Subclass" hereinafter).

35. Upon information and belief the counterfeit Head & Shoulders products and Pantene products contain materials that are hazardous to users' health.

36. Defendant's failure to warn the public regarding the product's risk of injury has resulted in the exposure by Plaintiffs and members of the Subclass to these hazards present in the known counterfeit Head & Shoulders products and the Pantene products.

37. As a proximate cause of the exposure, Plaintiffs and members of the Subclass have significantly higher medical risks.

38. As a direct and proximate result of the Defendant's acts, including but not limited to Defendant's knowledge and failure to warn Plaintiffs and members of the Class and

Subclasses of the presence of the defective and unreasonably dangerous counterfeit Head & Shoulders products and Pantene products, Plaintiffs and members of the Class and Subclasses were exposed to materials that are hazardous to end users health.

39. Plaintiffs and members of the Subclass will be required to undergo medical testing, diagnosis and monitoring ("medical monitoring") to determine if they have suffered medical injuries due to the use of the known counterfeit products.

40. By virtue of the foregoing, Plaintiffs and the other members of the Subclass are entitled to recover the cost of medical monitoring and/or testing as to whether they have or will develop any negative effects related to the use of the counterfeit products, and award of damages and other appropriate relief.

41. In addition, by virtue of the foregoing, Plaintiffs demand judgment for Plaintiffs and the subclass which (a) creates a monetary fund to effectuate all of the relief, including remedial relief, sought under Subsections "B" through "F" of the Ad Damnum clause set forth, infra, in this Complaint to which the Court is respectfully referred and (b) affords to Plaintiffs and the subclass all of the declaratory, remedial and injunctive relief sought under subsection "G" of the Ad Damnum clause set forth, infra, in this Complaint.

**THIRD CAUSE OF ACTION – NEGLIGENCE**

42. Plaintiffs incorporate and reallege by reference each and every allegation contained in Paragraphs 1 through 26 above as if set forth verbatim herein.

43. Defendant owed a duty to advise Plaintiffs and other Class members of any and all information available regarding the counterfeit products so that Plaintiffs and other Class members could make an informed decision when choosing a hair care product to purchase. Defendant also had a duty to provide Plaintiffs and other Class members with any information regarding possible harmful or deleterious effects of the ***known*** counterfeit products bearing its

brand names.

44. Defendant has breached its duty to Plaintiffs and the other Class members by virtue of the foregoing.

45. Defendant knew, or should have known, that Head & Shoulders products and the Pantene products were being counterfeited. Further, that these counterfeit products were of *inferior quality*, subjected users to an increased risk of injury and were being sold to the public.

46. Defendant knew, or should have known, that Plaintiffs and other Class members were without knowledge of the counterfeit Head & Shoulders products and Pantene products.

47. Defendant knew, or should have known, that Plaintiffs and the other Class members may suffer harmful physical effects from the counterfeit Head & Shoulders products and Pantene products.

48. Defendant knew, or the inferior should have known, that as a result of the Defendant's failure to warn/advise the public of the inferior counterfeit products and the health risks associated therewith, that Plaintiffs' and other Class members would continue to purchase the counterfeit products without knowledge that they were counterfeit.

49. Defendant knew or had reason to know that Plaintiffs and other Class members did not know, nor did they have reason to know, that the products were counterfeit.

50. Defendant knew or should have known that Plaintiffs and other Class members did not know, nor did they have reason to know, that the known counterfeit products which were being sold to the public could cause harmful health effects.

51. As a direct and proximate result of Defendant's failure to effectively warn of the known counterfeit products which were of inferior quality and subjected Plaintiffs and the Class to health risks, Plaintiffs and other Class members have been damaged.

52. By virtue of the foregoing, Plaintiffs and other members of the Class are entitled

to an award of damages and other appropriate relief.

53. In addition, by virtue of the foregoing, Plaintiffs demand judgment for Plaintiffs and the Class which (a) creates a monetary fund to effectuate all of the relief, including remedial relief, sought under Subsections "B" through "F" of the Ad Damnum clause set forth, infra, in this Complaint to which the Court is respectfully referred and (b) affords to Plaintiffs and the Class all of the declaratory, remedial and injunctive relief sought under subsection "G" of the Ad Damnum clause set forth, infra, in this Complaint.

## FOURTH CAUSE OF ACTION – FRAUD

54. Plaintiffs and Class members incorporate and reallege by reference each and every allegation contained in paragraphs 1 through 26 above as if set forth herein verbatim.

55. At a time when Defendant knew that many retailers throughout American were selling counterfeit Head & Shoulders of inferior quality and which subjected users to increased health risks, Defendant voluntarily and publicly disseminated advertisements, literature and other statements concerning the quality and features of the products, including their safety.

56. Defendant's failed to advise Plaintiffs and other Class members that it was aware that there were counterfeit products of inferior quality were being sold. Additionally, that these *known* counterfeit products could cause harmful health effects.

57. Defendant knew the true facts concerning the counterfeit products, including their inferior quality, the possible dangerous effects of the products, as detailed above, and either knowingly or recklessly disregarded the potential ramifications of disclosing the facts of those potential dangers to Plaintiffs and Class members, but failed and/or refused to do so, fraudulently concealing the true facts.

58. Defendant's willful non-disclosures or concealments were made with the intent of protecting Defendant's own financial interest and market share and to deceive Plaintiffs and

other Class members and, in fact, did so, as evidenced by Plaintiffs and other Class members' unwitting and continuous purchase and use of the counterfeit products.

59. Plaintiffs and other Class members purchased and/or used the Head & Shoulders and Pantene products reasonably relying on the Defendant's representations and/or the omissions and concealments of Defendant and/or their agents, employees, representatives and/or servants. Plaintiffs and other members of the Class could not have discovered in the exercise of reasonable diligence Defendant's fraud and misrepresentations. Had Plaintiffs and other members of the Class known of the truth, non-disclosed, concealed or otherwise suppressed facts, they would not have purchased and/or used the products.

60. As a proximate result of the foregoing misrepresentations and/or omissions, Plaintiffs and other members of the Class have suffered damages. By virtue of the foregoing, Plaintiffs and other members of the Class are entitled to an award of damages and other appropriate relief.

61. In addition, by virtue of the foregoing, Plaintiffs demand judgment for Plaintiffs and the Class which (a) creates a monetary fund to effectuate all of the relief, including remedial relief, sought under Subsections "B" through "F" of the Ad Damnum clause set forth, infra, in this Complaint to which the Court is respectfully referred and (b) affords to Plaintiffs and the Class all of the declaratory, remedial and injunctive relief sought under subsection "G" of the Ad Damnum clause set forth, infra, in this Complaint.

**FIFTH CAUSE OF ACTION -**
**BREACH OF IMPLIED WARRANTY**

62. Plaintiffs and Class members incorporate and reallege by reference each allegation contained in paragraphs 1 through 26 above as if set forth herein verbatim.

63. Defendant impliedly represented and warranted that the Head & Shoulders and

Pantene products being sold to the general public, including Plaintiffs and Class members, were safe and/or unadulterated products.

64. Defendant breached the aforementioned representations and implied warranties, allowing such representations to be made with the intent of inducing Plaintiffs and other Class members to purchase the Head & Shoulders and Pantene products described herein.

65. If Plaintiffs and members of the Class had known the true facts concerning the Head & Shoulders and Pantene products, they would not have purchased and/or used the products

66. The element of privity, if found to be applicable, exists vis-à-vis Defendant and members of the Class because, inter alia, (i) Defendant has had direct communications with members of the Class through magazine articles, public releases and advertisements, (ii) Plaintiffs and members of the Class are third-party beneficiaries of warranties that ran from the Defendant to its agents and retail outlets; (iii) Defendant expressly took on the duty and responsibility under the FDA guidelines to disseminate accurate disclosures to Plaintiffs and members of the Class at the time of delivery and/or sale; (v) the use of the products involve potential physical or personal injury.

67. In any event, the acts of Defendant thereafter to cause and/or have potentially caused personal injury in a manner requiring that no privity be required.

68. In addition, by virtue of the foregoing, Plaintiffs demand judgment for Plaintiffs and the Class which (a) creates a monetary fund to effectuate all of the relief, including remedial relief, sought under Subsections "B" through "F" of the Ad Damnum clause set forth, infra, in this Complaint to which the Court is respectfully referred and (b) affords to Plaintiffs and the Class all of the declaratory, remedial and injunctive relief sought under subsection "G" of the Ad Damnum clause set forth, infra, in this Complaint.

## SIXTH CAUSE OF ACTION-VIOLATION OF 15 U.S.C. § 52

69. Plaintiffs and Class members incorporate and reallege by reference each allegation contained in paragraphs 1 through 26 above as if set forth herein verbatim.

70. Defendant violated 15 U.S.C. § 52 making it unlawful to disseminate or cause to be disseminated any false advertising which has an effect upon interstate commerce for the purpose of inducing, or which is likely to induce, directly or indirectly the purchase of cosmetics. This constitutes an unfair or deceptive act or practice.

71. The selling of the products to consumers, such as Plaintiffs, the Class and the Subclass while failing to advise that known counterfeit products which were of inferior quality and subjected users to health risks were being sold constitutes false and misleading business practices, unconscionable acts or practices and/or unfair or deceptive acts or practices. Moreover, concealing and/or omitting to reveal to consumers that the known counterfeit products were potentially hazardous constitute false and misleading business practices, unconscionable acts or practices and/or unfair or deceptive acts or practices.

72. As a result thereof, Plaintiffs, the Class and members of the Subclass have been injured.

73. In addition, by virtue of the foregoing, Plaintiffs demand judgment for Plaintiffs and the Class which (a) creates a monetary fund to effectuate all of the relief, including remedial relief, sought under Subsections "B" through "F" of the Ad Damnum clause set forth, infra, in this Complaint to which the Court is respectfully referred and (b) affords to Plaintiffs and the Class all of the declaratory, remedial and injunctive relief sought under subsection "G" of the Ad Damnum clause set forth, infra, in this Complaint.

**SEVENTH CAUSE OF ACTION-**
**VIOLATION OF RACKETEER INFLUENCED AND**
**CORRUPT OGANIZATION ACT ("RICO")-18 U.S.C § 1962**

74. Plaintiffs and Class members incorporate and reallege by reference each allegation contained in paragraphs 1 through 26 above as if set forth herein verbatim.

75. Defendant received, directly or indirectly, income derived from a pattern of racketeering activity and used or invested said income to operate and expand its enterprise, to wit, the Defendant P & G's enterprise, which sells consumer products, and more particularly its Head & Shoulders and Pantene line of hair care products.

76. Defendant's racketeering activity affected interstate and foreign commerce in that Defendant devised or intended to devise a scheme or artifice to defraud, or obtain money or property by means of false or fraudulent pretenses, representations, or promises, which were caused to be transmitted by means of wire, radio, or television communication in interstate and foreign commerce, writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, to wit, Defendant caused to be broadcasted through one or more of the aforementioned mediums, writings, signs, pictures, and/or sounds to consumers advertisings describing its Head & Shoulders and Pantene shampoos and conditioners as a superior product that will clean and revitalize hair like no other product on the market when in reality Defendant was misleading consumers because it had specific knowledge that there was an inferior counterfeit product bearing Defendant's Head & Shoulders and Pantene brand names which subjected users to increased health risks on the market which Defendant purposely chose not to reveal to consumers.

77. Defendant was advertising its Head & Shoulders and Pantene shampoos and conditioners as superior products while at the time knowing that its products were being counterfeited and consumers were purchasing an inferior counterfeit product which subjected

users to increased health risks. Despite its knowledge of same, Defendant chose not to notify consumers about the counterfeit products because Defendant did not want to see a decline in the sales of its Head & Shoulders and Pantene shampoos and conditioners nor its market share, thereby benefiting from the increase in sales, market share and demand for its products to the detriment of unwary consumers.

78. Defendant benefited from the fraud perpetrated against consumers by receiving income therefrom. Defendant was also able to acquire and/or maintain, directly or indirectly, an interest in and/or control of other enterprises and/or ventures as a result of its racketeering activities.

79. Defendant's subsidiaries, agents and/or employees also benefited from Defendant's conduct in that they received income or such other pecuniary gain based on Defendant's activities as above described.

80. As a result of Defendant's racketeering activities Plaintiffs have been injured in their business and/or property, in that Plaintiffs unwittingly purchased the inferior counterfeit version of Defendant's products which subjected Plaintiffs and the Class to increased risk of injury when if Plaintiffs had been aware that an inferior counterfeit version of Defendant's products were on the market Plaintiffs would not have purchased Defendant's Head & Shoulders and Pantene products. Plaintiffs were further injured in their property in that Plaintiffs unwittingly used the inferior counterfeit version of Defendant's Head & Shoulders and Pantene hair care products without achieving the results advertised by Defendant.

81. In addition, by virtue of the foregoing, Plaintiffs demand judgment for Plaintiffs and the Class which (a) creates a monetary fund to effectuate all of the relief, including remedial relief, sought under Subsections "B" through "F" of the Ad Damnum clause set forth, infra, in this Complaint to which the Court is respectfully referred and (b) affords to Plaintiffs and the

Class all of the declaratory, remedial and injunctive relief sought under subsection "G" of the Ad Damnum clause set forth, infra, in this Complaint.

**EIGHT CAUSE OF ACTION -**
**STATE CONSUMER PROTECTION LAWS**

82. Plaintiffs and Class members incorporate and reallege by reference each allegation contained in paragraphs 1 through 26 above as if set forth herein verbatim.

83. Plaintiffs, the Class and the Subclass members were and are consumers under the State Consumer Protection Laws, including but not limited to Florida Statute § 501.204 making unlawful "unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." All other states have similar consumer fraud statutes making such acts and practices unlawful.

84. The selling of the products to consumers, such as Plaintiffs, the Class and the Subclass while failing to advise that counterfeit products were being sold constitutes false and misleading business practices, unconscionable acts or practices and/or unfair or deceptive acts or practices. Moreover, concealing and/or omitting to reveal to consumers that the counterfeit products were inferior and potentially hazardous constitute false and misleading business practices, unconscionable acts or practices and/or unfair or deceptive acts or practices.

85. As a result thereof, Plaintiffs, the Class and members of the Subclass have been injured.

86. In addition, by virtue of the foregoing, Plaintiffs demand judgment for Plaintiffs and the Class which (a) creates a monetary fund to effectuate all of the relief, including remedial relief, sought under Subsections "B" through "F" of the Ad Damnum clause set forth, infra, in this Complaint to which the Court is respectfully referred and (b) affords to Plaintiffs and the Class all of the declaratory, remedial and injunctive relief sought under subsection "G" of the Ad

Damnum clause set forth, infra, in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of himself and all other similarly situated, prays for judgment and relief against the Defendant as stated in the following Ad Damnum Clause:

A) Declaring this action to be a proper class action maintainable under Federal Rules of Civil Procedure, Rule 23, and certifying an appropriate Class and/or Subclass and certifying Plaintiffs as Class and Subclass representative;

B) Providing a fund for the purposes of dissemination of the information required hereunder; and paying for the monitoring of a corrective campaign.

C) Awarding actual damages in an amount to be determined at trial;

D) Requiring Defendant to pay for medical monitoring and testing;

E) Entering a temporary, preliminary or permanent order for the purposes of:

(1) enjoining the Defendant from conducting business using the unlawful acts and practices described in this Complaint;

(2) ordering Defendant to conduct a corrective information campaign advising consumers and users of the products as to the counterfeit products in the stream of commerce;

F) Awarding the costs and disbursements incurred by Plaintiffs in connection with this action, including reasonable attorneys' fees; and,

G) Awarding such other and further relief as the Court deems just and proper.

DATED at Miami-Dade County, Florida this _____ day of June, 2005.

Respectfully Submitted,

**SCHWARTZ ZWEBEN & SLINGBAUM**

By: ______________________________

Matthew P. Slingbaum, Esq.
Florida Bar No. 0195979
Gregory E. Schwartz, Esq.
Florida Bar No. 095559
3876 Sheridan Street
Hollywood, Florida 33021
Telephone:(954) 966-2483
Facsimile:(954) 966-2566
mslingbaum@szalaw.com

**-and-**

Michael R. Miller, Esq.
Florida Bar No.
801 NE 167th Street
Second Floor
North Miami Beach, Fl 33162
Telephone: 305-792-9000
Facsimile :305-455-2050

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

CIV - SEITZ

**I. (a) PLAINTIFFS**
**WILLIAM SCHOENBAUM and ELAYNE STERN individually, and on behalf of all others similarly situated,**

**DEFENDANT**
**THE PROCTOR & GAMBLE COMPANY, a foreign corporation**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Miami-Dade
(EXCEPT IN U S PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ________
(IN U S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

05-21646

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Matthew P. Slingbaum, 3876 Sheridan Street, Hollywood, Florida 33021 (954) 966-2483

ATTORNEYS (IF KNOWN)

McALILEY

(d) CIRCLE COUNTY WHERE ACTION AROSE: Miami- Dade

## II. BASIS OF JURISDICTION
(PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

1:05CV21646 - Seitz - McAliley

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION
(CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

IVa. 3 days estimated (for both sides) to try entire case

## V. NATURE OF SUIT
(PLACE AN x IN ONE BOY ONLY)

**A CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- B☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**A REAL PROPERTY**
- ☐ 210 Land Condemnation
- B ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**A TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- B ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

A CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

B PRISONER PETITION
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- * ☐ 530 General
- ☐ 535 Death Penalty
- * ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights

*A or B

**B FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

A LABOR
- ☐ 710 Fair Labor Standards Act
- B ☐ 720 Labor/Mgmt Relations
- ☐ 730 Labor/Mgmt Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- B ☐ 791 Empl. Ret Inc Security Act

**A BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

A PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

B SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (505(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

A FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**A OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- B ☐ 450 commerce/ICC Rates/etc
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- * ✗ 890 Other Statutory Actions

* A or B

## VI. CAUSE OF ACTION
(PLACE AN x IN ONE BOX ONLY)

√ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Refilled ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A ☐ UNDER F.R.C.P.23 **CLASS ACTION** **DEMAND $** Check YES if demanded in complaint **JURY DEMAND:** YES

**VIII. RELATED CASE (S) IF ANY** (See Instructions) JUDGE DOCKET NUMBER

DATE 6/21/05 SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
S/F I-2
REV. 6/90

FOR OFFICE USE ONLY: Receipt No. 534468 Amount: 250.00
Date Paid: ______ M/ifp: