FILED by EG D.C.
ELECTRONIC

Nov 21 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION
Case No. 05-21646-CIV-SEITZ/MCALILEY

WILLIAM SCHOENBAUM and ELAYNE STERN
individually, and on behalf of all others
similarly situated,

Plaintiffs,

vs.

THE PROCTER & GAMBLE COMPANY,

Defendant.
_____________________________________________/

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND RESPONSE TO THE COURT'S OCTOBER 17, 2005 ORDER REQUIRING COUNSEL TO SHOW CAUSE WHY THE COURT SHOULD NOT IMPOSE SANCTIONS**

The Court's October 17, 2005 "Order Granting Defendant's Motion for Leave to Submit a Letter to the Court" (DE 44) granted the letter request and set forth two other obligations upon the Plaintiffs. Those additional obligations were: (1) a response to Defendant's Motion to Dismiss the Complaint, addressing "the issues discussed at the September 7, 2005 status conference regarding [the] First Amended Complaint, as there appears to be no substantive difference between the First and Second Amended Complaints," and (2) an obligation "to show cause why the Court should not impose sanctions. . . for failure to comply with Fed.R.Civ.P. 11 and the Court's September 7, 2005 Order – as amplified by the Court's oral discussion at the September 7, 2005 status conference."

**A. The Plaintiffs Dismiss the Second Amended Complaint with Prejudice**

After the issuance of the Court's October 17, 2005 Order, undersigned counsel was retained by Plaintiffs' counsel for the limited purpose of responding to the October 17 Order. Based upon

the advice of undersigned counsel, the Plaintiffs have voluntarily dismissed with prejudice the Second Amended Complaint. A copy of the Notice of Voluntary Dismissal with Prejudice pursuant to Fed.R.Civ.P. 41(a) is attached. It reflects the named plaintiffs consent to the dismissal with prejudice.

We turn now to the concerns voiced by the Court.

**B. <u>No Sanctions Need Be or Should Be Imposed</u>**

The Court's concerns about the Complaint in this action were part of the following chronology. The Defendant moved to dismiss the initial Complaint. (DE 9). The Plaintiffs filed an Amended Complaint and Withdrawal of the Initial Complaint. (DE 30). On September 7, 2005, "The Court found that "Plaintiffs' Amended Complaint has not cured the defects raised in Defendant's Motion to Dismiss the Original Complaint" and then "DISMISSED WITHOUT PREJUDICE" the Amended Complaint, granting leave "to file a second amended complaint." (DE 35).

The September 7, 2005 Order was the outgrowth of a hearing at which the Court quizzed Plaintiffs' counsel on their theories of the case, sharing its doubts about the Plaintiffs' theories, but giving them another opportunity to state claims which would pass Rule 12(b)6 and Rule 11 muster:

> THE COURT: [M]ost importantly looking at some of the allegations, I do believe that one should always be open for expansions of the law and extensions of the law, but in this particular case I don't think since the beginning of the common law has there been a duty for someone to give notice to others that somebody is robbing from them. And there are other issues in - between those two points. So I thought that what I would do is since this is a novel case, that I would go ahead, and simply to move this thing along, is to sua sponte, based upon the past motion to dismiss, dismiss the Amended Complaint.

> You tell me how much time you need to file a Second Amended Complaint, if there is a good faith basis, understanding your obligations under Rule 11, to assert a claim.

September 7, 2005 Hearing, pp. 3-4 (copy attached to Defendant's Motion for Leave to Submit a Letter to the Court). The Court went on to share with counsel "some of the things that I saw that just sort of leaped out that gave me some concern. . . ." *Id.*

Plaintiffs' counsel made a good faith attempt to address the Court's concerns in the Second Amended Complaint. Although the Court's October 17 Order expressed the view that "there appears to be no substantive difference between the First and Second Amended Complaints" (DE 44), the blueline/redline version of the Second Amended Complaint prepared by Defendant and submitted with its October 12, 2005 letter to the Court, does reflect numerous deletions and additions. Those deletions and additions sought to sharpen the Plaintiffs' novel, interesting and consumer protective theory that a manufacturer who knows that harmful counterfeit versions of its product have been placed into the stream of commerce, has a duty to alert potential customers that they may be victims of a fraud and not to ignore in their advertising that there may be problem products in the market place.

A difficulty with the Plaintiffs' case was the fact that there was no allegation that they had indeed purchased a counterfeit version of the product. But that deficiency is different from the question of whether there was some legally cognizable duty to recognize a potential problem – a duty which should be grounded in good customer relations, but, as now acknowledged by the voluntary dismissal with the prejudice, may not find sure footing in the law.

Rule 11 is not meant to stifle legal creativity. If the "claims are warranted. . . by a non-frivolous argument for the extension. . . of existing law or the establishment of new law" there is no violation. Rule 11(b)(2). The Court's patience with counsel's efforts perhaps reflected an

appreciation of the unique situation arising from the unfortunate victimization of both Proctor and Gamble and the unsuspecting consumers of certain of its hair products. The Court's candid discussions with counsel properly focused upon various perceived legal deficiencies, and the Second Amended Complaint's good faith effort to assuage those concerns *should not* be viewed as being presented "for any improper purpose. . . ." Rule 11(b)(1).

The Court's October 17 Order, which included a "show cause" portion, was not "an order describing the specific conduct that appears to violate subdivision (b)" (Rule 11(c)(1)(B)) and therefore, consistent with the Rule, should not be the basis for imposing any sanctions. But the Court's references to its September 7 Order, and its in Court comments, were taken to heart by Plaintiffs' counsel. As the attached affidavit from Plaintiffs' counsel reflects, they spent substantial time reviewing their efforts, seeking principled bases for stating claims for relief, and in redrafting the Second Amended Complaint. That brings us to the final reason why sanctions should not be imposed.

Under Rule 11(c)(2), "a sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." There is no need for any sanction with reference to the Plaintiffs' lawyers because they have been chastened by these proceedings. Their hiring of counsel to advise them reflects the seriousness with which they treated the Court's admonitions. There is no need to do more with regard to Plaintiffs' counsel. As to others, being the subject of a show cause order on the initiative of a United States District Court Judge is a lesson in deterrence to the Bar generally.

## CONCLUSION

For the foregoing reasons, the Court, given the voluntary dismissal with prejudice, should enter an order closing the case, and accept this submission as a satisfactory response to its October 17, 2005 Order.

Respectfully submitted,

/s/ Bruce S. Rogow

BRUCE S. ROGOW
Florida Bar No. 067999
BRUCE S. ROGOW, P.A.
Broward Financial Centre, Suite 1930
500 East Broward Blvd.
Fort Lauderdale, FL 33394
Ph: (954) 767-8909
Fax: (954) 764-1530

Co-Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court on this 21st day of November 2005, and furnished same via U.S. Mail to: Michael R. Miller, 801 N.E. 167th Street, North Miami Beach, FL 33162; Jay B. Shapiro, Esq., Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, P.A., Suite 2200, Museum Tower, 150 West Flagler Street, Miami, FL 33130; Mark N. Mutterperl, Esq., Mark A. Robertson, Esq., Jennifer S. McIntosh, Esq., Fulbright & Jaworski, LLP, 666 Fifth Avenue, New York, NY 10103-3198; Geoffrey Potter, Esq., Alison Sclater, Esq., Yehudis Lewis, Esq., A. Owen Glist, Esq., Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036.

/s/ Bruce S. Rogow
BRUCE S. ROGOW

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO. 05-21646-CIV-SEITZ/McALILEY

WILLIAM SCHOENBAUM AND
ELAYNE STERN individually, and on
behalf of all others similarly situated,

Plaintiffs,

v.

THE PROCTER & GAMBLE COMPANY,

Defendant.
_______________________________________/

**AFFIDAVIT OF PLAINTIFFS' COUNSEL**

STATE OF FLORIDA )
) SS:
COUNTY OF BROWARD )

BEFORE ME, the undersigned authorities who are personally known, Gregory Schwartz Matthew Slingbaum, and Michael Miller who after being duly sworn depose and say:

1. That this affidavit was drafted by Plaintiffs' counsel in the above referenced matter to set forth the factual details regarding the initiation of the instant action and the research, drafting and meetings that took place throughout the pendency of this matter to ensure that the undersigned counsel complied with their requirements under FRCP 11.

2. Beginning in April of 2005, Plaintiffs' counsel began conducting a diligent investigation in this matter concerning the Plaintiffs' complaints and allegations that Defendant's hair care products were counterfeit and contaminated and being sold to unsuspecting consumers without notice to the public. In addition to the investigation into the factual nature of the allegations, over fifty (50) hours of legal research was conducted by Plaintiffs' counsel and their former associate attorney, Jermaine Thompson, during the initial stage of investigation to determine whether any valid causes of action existed and to confirm the veracity of the Plaintiffs' factual allegations.

3. After the completion of weeks of investigation and legal research, Plaintiffs' counsel began drafting a thorough and detailed Complaint based upon the many hours of research and investigation completed to date. Plaintiffs' counsel was confident based upon the information obtained from the investigation and the extensive legal research conducted that their Initial Complaint stated a cause of action and complied with the requirements of FRCP 11.

4. After receiving Defendant's Motion to Dismiss, Plaintiffs' counsel conducted legal research regarding the case law and statutes included in Defendant's Motion to Dismiss. Plaintiffs' counsel read each case cited by the Defendant and those cases that followed the cited cases. Defendant's Motion revealed that certain counts contained in Plaintiffs' Initial Complaint may not have been legally sufficient. As a result, Plaintiffs' counsel proactively withdrew any legally insufficient counts and conducted legal research to address issues raised in Defendant's Motion to Dismiss when drafting their First Amended Complaint. Plaintiffs' counsel believed that based on the research and investigation that they had conducted that the First Amended Complaint complied with the requirements of Rule 11.

5.Plaintiffs' counsel was anticipating the beginning of discovery after the scheduling conference to assist providing a further factual basis for some of their allegations concerning the contaminated hair care products and Defendant's knowledge of same. However, at the scheduling conference the Court advised that Plaintiffs' First Amended Complaint failed to state a cause of action and the Court provided Plaintiffs' counsel with the areas in the Complaint that the Court felt were insufficient and provided what the undersigned attorneys perceived to be a roadmap for Plaintiffs' counsel to follow in drafting their Second Amended Complaint.

6. Immediately after the scheduling conference Plaintiffs' counsel conducted more research and drafting to address every concern raised by the Court during the scheduling conference. Upon the return from the Mayo Clinic of Mr. Slingbaum, each of the undersigned attorneys collectively met in person to thoroughly review the Amended Complaint, on a line by line basis, in the context

of the Court's comments at the Scheduling Conference in an effort to ensure that a Second Amended Complaint could be properly pled prior to filing same.

7. In particular, at the Scheduling Conference the Court clearly explained that it did not believe that the Defendant had a legal duty to warn the consuming public. As evidenced by the redlined version of Plaintiffs' Second Amended Complaint, Plaintiffs' counsel withdrew all allegations concerning Defendant's duty to warn and made changes to the Second Amended Complaint to comply with the Court's comments. Plaintiffs' Second Amended Complaint solely focused on the alleged unfair and deceptive practices of Defendant in continuing to proactively advertise its products at a time when it was aware that the public was likely to be purchasing the counterfeit and contaminated product. In connection therewith, in response to the Court's concern, the Plaintiffs removed all references to a duty to warn and did not plead that Defendant erred in failing to warn the public. Contrary to the assertions of the Defendant, there are significant substantive differences between the First Amended Complaint and the Second Amended Complaint, which is confirmed by a review of the redlined draft of the Second Amended Complaint identifying the material changes made thereto.

8. Plaintiffs' counsel believed that Defendant's proactive advertising campaign regarding the quality of their hair care products, while knowing that the products were in fact contaminated, provided a sufficient legal basis for the Fraud, RICO and Deceptive and Unfair Trade Practices Act counts contained in Plaintiffs' Second Amended Complaint. After conducting the in- person meeting to discuss the merits of filing a Second Amended Complaint, Plaintiffs' counsel had numerous phone conferences and exchanged several drafts of the proposed Second Amended Complaint to ensure that each of the undersigned attorneys felt comfortable that it was properly pled and satisfied this Court's concerns at the Scheduling Conference. Being mindful of the Courts advice during the scheduling conference and Defendant's Motion to Dismiss, Plaintiffs' counsel believed that they had addressed all issues regarding the sufficiency of their causes of action.

9. After receiving the Court's Show Cause Order, Plaintiffs' counsel immediately contacted Bruce Rogow Esq., to help address the Court's concerns regarding potential Rule 11 violations and sanctions. Mr. Rogow has advised the undersigned and the Plaintiffs that he agrees that absent a specific allegation that the Plaintiffs purchased the counterfeit and contaminated products, the Plaintiffs do not have standing to pursue this action. Plaintiffs simply do not know whether they purchased the authentic or counterfeit products and therefore, while this is the basis of their Complaint, they cannot specifically and knowingly state that they purchased the counterfeit and contaminated good. As such, the Plaintiffs have agreed to dismiss this action with prejudice and have, in fact, done so.

10. Plaintiffs' counsel assures the Court that they and their associates have expended many hours researching and drafting the pleadings in this matter and, in good faith, believed that they had pled a valid cause of action which was based on confirmed facts. Plaintiffs' counsel did not file vexatiously, but instead collectively spent substantial time researching and reviewing caselaw, statutes and other pleadings in connection with this good faith filing.

11. Each of the undersigned attorneys are very much aware of the requirements imposed upon them by FRCP 11 and do not take them lightly. The undersigned attorneys would absolutely not file a pleading if they had any concerns that it may not meet the threshold requirements of Rule 11 and, based on their research and efforts in connection with this action, Plaintiffs counsel believed that they had satisfied their Rule 11 obligations when filing the aforementioned pleadings. Plaintiffs' counsel filed all pleadings in good faith and based on their research and due diligence, believed that their pleadings were legally sufficient and stated a cause of action. At no time did Plaintiffs' counsel ever believe that any pleadings or documents filed in this case were not well founded.

Dated this 18th day of November, 2005.

FURTHER AFFIANTS SAYETH NAUGHT.

GREGORY SCHWARTZ, ESQ.

MATTHEW SLINGBAUM, ESQ.

MICHAEL MILLER, ESQ.

Sworn to and subscribed before me this 18th day of November 2005.

NOTARY PUBLIC

Personally Known ✓
Produced Identification ______

PATSY V. REYES
Notary Public - State of Florida
My Commission Expires Feb 18, 2008
Commission # DD292238
Bonded By National Notary Assn.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO. 05-21646-CIV-SEITZ/McALILEY

WILLIAM SCHOENBAUM AND
ELAYNE STERN individually, and on
behalf of all others similarly situated,

Plaintiffs,

v.

THE PROCTER & GAMBLE COMPANY,

Defendant.
________________________________________/

## NOTICE OF VOLUNTARY DISMISSAL WITH PREJUDICE

Plaintiffs, **WILLIAM SCHOENBAUM AND ELAYNE STERN individually, and on behalf of all others similarly situated**, by and through their undersigned attorneys, file this their Notice of Voluntary Dismissal With Prejudice of Defendant, **THE PROCTER & GAMBLE COMPANY**. Attached please see Plaintiffs' consent to dismissal with prejudice signed by Elayne Stern and William Schoenbaum.

Respectfully Submitted,

**SCHWARTZ ZWEBEN & SLINGBAUM LLP**

By: ____/s/ Matthew P. Slingbaum
Matthew P. Slingbaum, Esq.
Florida Bar No. 0195979
Gregory E. Schwartz, Esq.
Florida Bar No. 095559
3876 Sheridan Street
Hollywood, Florida 33021
Telephone:(954) 966- 2483
Facsimile: (954) 966- 2566
mslingbaum@szalaw.com

**-and-**

Michael R. Miller, Esq.
Florida Bar No. 508179
801 NE 167th Street

Second Floor
North Miami Beach, Fl 33162
Telephone: (305) 792- 9000
Facsimile : (305) 455- 2050
miller@millerlaw.net

**Certificate of Service**

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court and to the following ECF Registrants on this 21st day of November 2005:

**jshapiro@swmwas.com; and aschachter@swmwas.com.**

____/s/ Matthew P. Slingbaum
Matthew P. Slingbaum, Esq.

November 18, 2005

Matthew Slingbaum, Esq.
Schwartz Zweben & Slingbaum LLP
3876 Sheridan Street
Hollywood, Florida 33021

Dear Mr. Slingbaum:

I hereby consent to dismiss with prejudice the case styled WILLIAM SCHOENBAUM AND ELAYNE STERN individually, and on behalf of all others similarly situated, Plaintiffs,v. THE PROCTER & GAMBLE COMPANY, Defendant, case number 05-21646-CIV SEITZ/McALILEY.

Sincerely,

Elayne Stern

**WILLIAM SCHOENBAUM**
**20515 E. Country Club Drive #547**
**Aventura, FL 33180**

18 November 2005

Matthew Slingbaum, Esq.
Schwartz, Zweben & Slingbaum, LLP
3876 Sheridan Street
Hollywood, FL 33021

Re: Schoenbaum et al vs. Procter & Gamble

Dear Mr. Slingbaum:

This letter shall serve as my formal permission for you to dismiss the case against Procter & Gamble with prejudice. I understand the reasons for taking this action and fully agree.

Thank you for all of your effort on my behalf.

Very truly yours,

William Schoenbaum

William Schoenbaum

cc: Michael R. Miller, Esq.