FILED by SW D.C.
ELECTRONIC
Dec 16 2005
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION
Case No. 05-21646-CIV-SEITZ/MCALILEY

WILLIAM SCHOENBAUM and ELAYNE STERN
individually, and on behalf of all others
similarly situated,

Plaintiffs,

vs.

THE PROCTER & GAMBLE COMPANY,

Defendant.
______________________________________________/

**PLAINTIFFS' RESPONSE TO DEFENDANT THE PROCTER & GAMBLE COMPANY'S MOTION FOR PARTIAL RECONSIDERATION OF OMNIBUS ORDER**

On November 23, 2005 the Court found good cause for *not imposing* sanctions and, given Plaintiffs' Notice of Voluntary Dismissal with Prejudice, dismissed this case with prejudice. Procter & Gamble asks the Court to reconsider the no sanction portion of the Court's November 23 Order. Respectfully, we suggest that the Court should reject the invitation.

The Plaintiffs Response to the Court's show cause order, with its attached affidavit and voluntary dismissal signed by the Plaintiffs, (DE 50) set forth the reasons why sanctions should not be imposed. We do not repeat them here, but we do incorporate that submission into this Response.

Procter & Gamble relies upon the *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996), statement that if a plaintiff "could not have reasonably believed, as required by Rule 11, that its claim was well grounded in fact or law," sanctions should be imposed. Motion for Reconsideration, p. 3. We have explained in the prior submission why Plaintiffs' counsel reasonably

believed the claims were well grounded and their efforts to state claims for relief; efforts that they ultimately determined were insufficient and led to the voluntary dismissal with prejudice.

But that does not mean that the Plaintiffs' efforts fall within *Worldwide Primates*. The complaint in that case was "objectively frivolous." *Worldwide Primates, Inc. v. McGreal*, 26 F.3d 1089, 1092 (11th Cir. 1994)("*Worldwide I"*). It was objectively frivolous because the claim – tortious interference – requires proof of damage and "Worldwide knew from the beginning" that there had been no damage to its business relationship. *Id.* at 1091-92. Moreover, "even the most minimal investigation would have alerted Bass [Worldwide's attorney] to the lack of any damages resulting from McGreal's letters, and that any 'claim' for tortious interference against McGreal therefore would be frivolous." *Worldwide (II)*, 87 F.3d at 1255.

Here, there is no dispute that a Proctor & Gamble product had been counterfeited and that unsuspecting buyers may have been harmed by the counterfeit products. As Procter & Gamble says, "The claims asserted against P&G are essentially that P&G is somehow responsible for the harms and burdens placed upon the consuming public by counterfeit P& G products." Motion for Reconsideration, p.11. Attempting to somehow translate consumers' harms and burdens into claims for relief was not "objectively frivolous," and was based on true facts. The Court's statements of its concerns about the claims for relief and its in-court comments to counsel reflected understanding of the leeway that Rule 11(b)(2) gives to attempts to extend or modify existing law, or establish new law. The Plaintiffs' pleadings sought to break some new ground, but did not reflect the degree of legal or factual dissonance that merits Rule 11 sanctions.

Simply put there was no bad faith here. And Procter & Gamble's effort to ascribe bad purpose ("apparently commenced. . . for an improper purpose"; "obviously filed to harass") (Motion for Reconsideration, pp. 10-11), also misses the mark. The fact that one lawyer in this case

represented a defendant in a deposition in the New York case brought by Procter & Gamble against the purported counterfeiters provides no basis for claiming harassment or bad purpose. Knowledge of the potential harms that could befall unsuspecting purchasers of counterfeit hair products was gleaned form the New York proceedings, providing the harm to the pubic *raison d'etre* for this lawsuit. But there is no evidence, no fact, no foundation for ascribing any bad purpose relating to the New York case as the reason for the instant case.

Thus, neither Rule 11, 28 U.S.C. § 1927, nor the inherent powers of the Court provide a basis for this Court revisiting its November 23, 2005 Order finding that sanctions should not be imposed.

Respectfully submitted,

/s/ Bruce S. Rogow

BRUCE S. ROGOW
Florida Bar No. 067999
BRUCE S. ROGOW, P.A.
Broward Financial Centre, Suite 1930
500 East Broward Blvd.
Fort Lauderdale, FL 33394
Ph: (954) 767-8909
Fax: (954) 764-1530

Co-Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court on this 16th day of December 2005, and furnished same via U.S. Mail to: Michael R. Miller, 801 N.E. 167th Street, North Miami Beach, FL 33162; Jay B. Shapiro, Esq., Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, P.A., Suite 2200, Museum Tower, 150 West Flagler Street, Miami, FL 33130; Mark N. Mutterperl, Esq., Mark A. Robertson, Esq., Jennifer S. McIntosh, Esq., Fulbright & Jaworski, LLP, 666 Fifth Avenue, New York, NY 10103-3198; Geoffrey Potter, Esq., Alison Sclater, Esq., Yehudis Lewis, Esq., A. Owen Glist, Esq., Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036.

/s/ Bruce S. Rogow

BRUCE S. ROGOW